UNITED STATES of America,
Plaintiff–Appellee,

v.

Antoine THOMPSON, Defendant–
Appellant.

No. 04–30399.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 20, 2004.

Richard R. Pickens, II, U.S. Attorney's Office Eastern District of Louisiana, New Orleans, LA, for Plaintiff–Appellee.

John H. Craft, Assistant Federal Public Defender, Robin Elise Schulberg, Federal Public Defender's Office Eastern District of Louisiana, New Orleans, LA, for Defendant–Appellant.

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM: *

Antoine Thompson appeals the sentence imposed following his plea of guilty to

being a felon in possession of a firearm. The sentence was increased for Thompson's felonious possession of crack cocaine in connection with the firearm offense. *See* U.S.S.G. § 2K2.1(b)(5) (Nov.2002).

The record plainly establishes that Thompson agreed with the Government's "Factual Basis" which stated that the Government "would prove" possession of both the firearm and the drugs. Further, the PSR contained sufficient indicia of reliability to establish drug possession, and Thompson offered nothing to show that the PSR was "materially untrue, inaccurate or unreliable." *See United States v. Ayala*, 47 F.3d 688, 690 (5th Cir.1995).

Thompson also contends that the increased sentence was unconstitutional under *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). He concedes that this challenge is foreclosed by *United States v. Pineiro*, 377 F.3d 464 (5th Cir.2004), and he raises the issue only to preserve it for possible Supreme Court review. *Blakely* would afford Thompson no relief in any event because Thompson admitted the drug possession when he agreed with the factual basis recited in open court. *See Blakely*, —— U.S. at ——, 124 S.Ct. at 2537 (admission by defendant supports sentence increase).

The judgment of the district court is

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.